UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
PEDRO VAZQUEZ,                      :
                                    :
        Petitioner,                 :   Civ. No. 12-7020 (NLH)
                                    :
    v.                              :   OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
        Respondent.                 :
_____:


APPEARANCES

Pedro Vazquez, #41352-050
F.C.I. Yazoo City Low
P.O. Box 5000
Yazoo City, MS 39194
    Petitioner, pro se

Matthew J. Skahill
U.S. Attorney's Office
401 Market Street
4th Floor
Camden, NJ 08101
    Attorney for Respondent

HILLMAN, District Judge

    Petitioner Pedro Vazquez, an inmate currently confined at Federal Correctional Institution ("FCI") Yazoo City Low in Yazoo City, Mississippi has submitted a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court will deny the Petition.

I.   BACKGROUND

On or about January 25, 2007, Petitioner was arrested and charged in a criminal complaint with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846.  On February 27, 2007, a federal grand jury returned a one-count Indictment charging Vazquez and his co-defendants with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), and in violation of 21 U.S.C. § 846.  On October 23, 2007, a federal grand jury sitting in Camden returned a four-count Superseding Indictment which charged Petitioner in Counts One and Two.  On November 30, 2007, the Government filed an Enhanced Penalty Information against Petitioner pursuant to 21 U.S.C. § 851(a).  The Enhanced Penalty Information relied on one of Petitioner's prior drug distribution convictions in the State of New Jersey and subjected him to a mandatory minimum term of 20 years' imprisonment if convicted on the charges contained in the Superseding Indictment.

On December 3, 2007, trial commenced in this Court and on December 14, 2007, the jury convicted Petitioner of Counts One and Two of the Superseding Indictment.  Following trial, the Probation Department prepared a Presentence Investigation Report ("PSR").  In the PSR, the Court determined that Petitioner had 9

criminal history points.  However, the Probation Office determined that Petitioner was a career offender within the meaning of U.S.S.G. § 4B1.1 by relying on two of his prior four felony convictions.

On September 12, 2008, this Court found that Petitioner was a career offender under U.S.S.G. § 4B1.1 with a resulting Offense Level of 37, Criminal History Category of VI and an advisory Guidelines range of 360 months to life imprisonment.  This Court considered all of the Section 3553(a) factors and sentenced Petitioner to a term of 360 months' imprisonment.

Petitioner timely appealed.  The Third Circuit affirmed Petitioner's conviction and sentence on November 1, 2011.  The United States Supreme Court denied a petition for writ of certiorari on January 9, 2012.

On November 13, 2012, Petitioner filed the instant petition to vacate, correct or set aside his conviction pursuant to 28 U.S.C. § 2255.  In his Petition, Petitioner alleges ineffective assistance of counsel based on his counsel's failure to object to Petitioner's classification as a career offender pursuant to U.S.S.G. § 4B1.1.  Specifically, Petitioner asserts that one of the predicate offenses in the PSR used to classify him as a career offender was incorrectly identified and cannot serve as a predicate offense.  Thus, Petitioner contends that the Government failed to establish that he is a career offender and

his sentence was improperly enhanced. Petitioner requests that he be resentenced without the application of the career offender enhancement.

Respondent concedes that the second conviction upon which Petitioner's career offender status was based cannot serve as a predicate offense. Nevertheless, Respondent asserts that Petitioner remains a career offender under U.S.S.G. § 4B1.1. Respondent explains that Petitioner was also convicted on February 24, 1995 in New Jersey Superior Court, Hudson County for possession with intent to distribute CDS on school property (the Hudson County Conviction). Respondent further explains that the initial conviction did not result in a term of imprisonment exceeding one year and one month and was not imposed within ten years of the commencement of the federal offense at issue in this case; therefore, the Hudson County Conviction did not receive criminal history points in Petitioner's PSR and was not relied upon as a basis for the career offender enhancement.

However, Respondent contends that on November 12, 1996, Petitioner pled guilty to a violation of probation with respect to the Hudson County Conviction (the Probation Violation). As a result of this plea, on May 2, 1997, Petitioner's probation was revoked and he was sentenced to a term of three years' imprisonment to run concurrent with the sentences for the other

predicate offenses listed on his PSR. Thus, Respondent asserts that, although the initial sentence for the Hudson County Conviction could not count for application of U.S.S.G. § 4B1.1, the sentence imposed on May 2, 1997 for the Probation Violation existed at the time of sentencing in the instant federal offense and counts as a predicate offense for the career offender enhancement.

Respondent explains that the Probation Office was unaware of the Probation Violation because it did not have transcripts of the violation proceedings at the time the PSR was prepared. Additionally, Respondent contends that the Hudson County Superior Court did not issue a judgment for the Probation Violation contemporaneous with the judgment for the other felony offenses; therefore although the Probation Office ordered Petitioner's certified convictions, it did not receive notice of the updated Hudson County Conviction judgment which included the Probation Violation. Respondent concludes that, despite the error in the PSR, Petitioner remains a career offender and, if he were to be resentenced, his Guideline range would remain unchanged. For this reason, Respondent asserts that Petitioner is unable to demonstrate the prejudice required to succeed on an ineffective assistance of counsel claim.

Petitioner files a reply and argues that Respondent is precluded from introducing new evidence at resentencing.

Petitioner asserts that information regarding the Probation Violation was reasonably available at the time of sentencing and that Respondent has not offered a valid reason for its failure to present the evidence at the time of sentencing.

Respondent submits a supplementary letter in response and contends that it would be proper for this Court to consider Petitioner's full criminal history, including the Probation Violation, at a resentencing.  Accordingly, Respondent maintains that Petitioner remains a career offender despite the error in the PSR.

Petitioner files a final response and distinguishes the case at hand from the cases cited by Respondent.  Petitioner maintains that Respondent had every opportunity and incentive to investigate Petitioner's other prior convictions for use in the PSR, but that it failed to do so and has not provided a valid reason for this failure.  Accordingly, Petitioner contends that Respondent has waived the ability to raise this issue at resentencing.

## II.   STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides, in pertinent part:

A prisoner in custody under sentence of a court
established by Act of Congress claiming the right to
be released upon the ground that the sentence was
imposed in violation of the Constitution or laws of
the United States, or that the court was without

>jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). See generally United States v. Thomas, 713 F.3d 165 (3d Cir. 2013) (detailing the legislative history of § 2255).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. See United States v. Davies, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

Finally, this Court notes its duty to construe pro se pleadings liberally. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

### III. ANALYSIS

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel is "the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90

S.Ct. 1441, 25 L.Ed.2d 763 (1970) (emphasis added) (citations omitted), cited in Ross v. Varano, 712 F.3d 784, 797 (3d Cir. 2013).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). With respect to the "performance" prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. With respect to the "prejudice" prong, a "reasonable probability" of prejudice is "a probability sufficient to undermine confidence in the outcome." Strickland at 694. Thus, counsel's errors must have been "so serious as to deprive the defendant of ... a trial whose result is reliable." Id. at 687. More specifically, when a defendant asserts ineffective assistance of counsel in connection with sentencing, he must show that, but for counsel's deficient performance, there is a reasonable probability that the sentence would have been less harsh. See Glover v. United States, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001), cited in United States v. Hankerson, 496

F.3d 303, 310-11 (3d Cir. 2007).  The performance and prejudice prongs of Strickland may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." Strickland, 466 U.S. at 697.

In this case, Respondent argues that Petitioner cannot satisfy the prejudice prong of Strickland because, despite counsel's failure to notice the error in the PSR, Petitioner would remain a career offender at resentencing due to the Probation Violation.  Petitioner argues that Respondent should be precluded from introducing the Probation Violation at resentencing.  If Respondent is precluded from doing so, Petitioner asserts that the prejudice prong of Strickland would be satisfied because he would not receive a career offender enhancement at resentencing and his sentence would be less harsh.

The parties are in agreement that, based on U.S.S.G. § 4B1.1,[1] the Second Predicate Offense listed in Petitioner's PSR

---

[1] The career offender classification is governed by U.S.S.G § 4B1.1(a), which provides that a defendant is a career offender if (1) he was at least eighteen years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S. Sentencing Guidelines § 4B1.1(a) (2002).  The Guidelines define a "controlled substance offense" as "an offense under federal or state law, punishable by

was incorrectly applied to establish Petitioner's Career Offender status.[2]  Additionally, the existence and validity of the Probation Violation, and the fact that it could have served as a qualifying predicate offense at the time of original sentencing, are not in dispute.  The sole disagreement between the parties in this case is whether Respondent would be permitted at resentencing to introduce the Probation Violation as a qualifying predicate offense to establish that Petitioner remains a career offender.  As discussed above, the parties contend that resolution of this issue determines whether or not Petitioner can demonstrate the prejudice necessary to succeed on an ineffective assistance of counsel claim.

    Petitioner's argument against the introduction of the new evidence at resentencing is premised on the idea that Respondent waived its ability to use this conviction as a predicate offense when it did not object to the conviction as a non-qualifying predicate in the PSR. (Pet'r's Letter 9-10, ECF No. 18).

---

imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." § 4B1.2(b).

[2] Although Petitioner was originally charged with a drug distribution offense in the Second Predicate Offense, he actually pled guilty to felony drug possession, which is not a "controlled substance offense" pursuant to U.S.S.G. § 4B1.1.

Petitioner argues that Respondent had a full and fair opportunity to notice the error in the PSR and to produce evidence of the Probation Violation at the time of sentencing; yet it failed to do so and has not provided a valid excuse for said failure.  Accordingly, Petitioner asserts that a limited resentencing is appropriate.

Petitioner urges the Court to limit resentencing and preclude the introduction of the Probation Violation so as not to afford Respondent "a second bite at the apple." Dickler, 64 F.3d at 832 (quoting United States v. Leonzo, 50 F.3d 1086, 1088 (D.C.Cir. 1995)).  Although the court in Dickler held that, ordinarily, the government's case should "stand or fall on the record it makes the first time around[,]" the Dickler court also stated that "[a]t the same time, [it] perceive[d] no constitutional or statutory impediment to the district court's providing the government with an additional opportunity to present evidence on remand if it has tendered a persuasive reason why fairness so requires." Dickler, 64 F.3d at 832 (citing United States v. Ortiz, 25 F.3d 934, 935 (10th Cir. 1994) (holding that an order vacating sentence and remanding for resentencing contemplates a de novo hearing at which court can receive any evidence it could have considered during first sentencing hearing)).

Additionally, there exists ample case law which supports the notion that, when a sentence is vacated and remanded for resentencing in § 2255 proceedings, the lower court can conduct de novo resentencing. See United States v. Johnson, 208 F.3d 216 (6th Cir. 2000); United States v. Jennings, 83 F.3d 145, 151 (6th Cir. 1996); United States v. Moore, 83 F.3d 1231 (10th Cir. 1996); United States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992); see also United States v. Helm, Civ. No. 08-317, 2010 WL 376142 (S.D.Tex. Jan. 25, 2010).  Also persuasive, the Third Circuit has permitted the introduction of new evidence on remand when the government presented an adequate explanation as to why it was not presented at the original sentencing. See United States v. Johnson, 587 F.3d 2013 (3d Cir. 2009) (permitting the government to produce a plea colloquy which it was previously unable to produce due to personnel turnover in the office that provides transcription services).

In this case, Respondent explains that the failure to include the Probation Violation as a qualifying predicate offense was due to the state's failure to file the judgment. Indeed, the judgment was not properly filed in Hudson County until 2014 when the oversight was brought to the Superior Court's attention.  Consistent with the Third Circuit's holding in Johnson, this Court determines that the state's failure to

file the judgment constitutes an adequate explanation for the error in the PSR in this case.

The fact remains that, if the PSR had contained no errors, Petitioner would have had the requisite qualifying predicate offenses to make him a career offender. Petitioner does not dispute this. Instead, he asks the Court to preclude the introduction of the Probation Violation as a predicate offense because of a technical reporting error. As discussed above, the Court has determined that this technical reporting error is not due solely to any lack of diligence on the part of the government or the Probation Office, but instead is the result of the state's failure to enter the judgment. In this situation, Respondent has "tendered a persuasive reason why fairness so requires" the introduction of the Probation Violation at resentencing. Dickler, 64 F.3d at 832.

Because this Court would permit the introduction of the Probation Violation at resentencing, the issue — as framed by the parties — appears to be resolved. Specifically, Respondent contends, and Petitioner tacitly concedes, that Petitioner can show no prejudice due to his counsel's failure to object to the Second Predicate Offense in the PSR because at resentencing he would remain a career offender despite the error and be subject to the same enhancement.

We note, however, that we believe Strickland requires a more searching inquiry. Although the parties did not address the issue in their papers, the Court must decide whether the entirety of the circumstances — including the ultimate disposition of the case after resentencing — should be considered in making a prejudice determination; or whether the prejudice analysis should be confined to a snapshot of the case at the moment the ineffective assistance occurred.

In applying a "snapshot" prejudice analysis to this case, the Court would look only at the effect of the erroneous PSR at the time of initial sentencing. But for counsel's failure to object, the PSR would have — albeit incorrectly — included only two qualifying predicate offenses and Petitioner would not have received a sentence enhancement. Under this limited view, one could find prejudice under Strickland because the fact that Petitioner was truly still a career offender at the time of the initial sentencing, and the fact that he would again receive career offender status at the time of resentencing, would not influence the Court's prejudice determination. For the reasons that follow, this Court concludes that such a result would be contrary to existing case law and against fundamental principles of fairness.

In situations like the one presently before the Court, the prejudice determination cannot be made in a vacuum and the Court

must consider the entirety of the circumstances.  As an initial matter, Strickland specifically did "not establish mechanical rules" for determining whether prejudice exits, but instead instructed that "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." Strickland, 466 U.S. at 670, 104 S.Ct. at 2056. Thus, the Strickland Court contemplated a more fluid approach to the prejudice test, dependent on the facts and circumstances of a particular case.

In determining the best approach to the prejudice analysis in this case, several Supreme Court cases are instructive.  In Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), the deficient performance at issue was the failure of counsel for a defendant who had been sentenced to death to make an objection that would have resulted in a sentence of life imprisonment instead.  Case law at the time of sentencing supported such an objection and, had his counsel acted accordingly, Defendant Fretwell may very well have received life imprisonment.  However, by the time Fretwell's habeas claim reached the Supreme Court, the case law supporting the objection had been overruled.  Noting that a finding of prejudice would permit Fretwell to capitalize on an Eight Circuit decision which was no longer good law, the Fretwell Court held that,

> [A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.

Fretwell, 506 U.S. at 369-70, 113 S. Ct. at 842-43 (citing United States v. Cronic, 466 U.S. 648, 653, 104 S.Ct. 2039, 2043, 80 L.Ed.2d 657 (1984)). Essentially, the Fretwell Court found that Fretwell had only been "deprived [] of the chance to have the state court make an error in his favor." Fretwell, 506 U.S. at 371, 113 S. Ct. at 843 (internal citations omitted). Because the ultimate result of Fretwell's sentencing proceeding was neither unfair nor unreliable, he was not prejudiced.

Likewise, in Nix v. Whiteside, 475 U.S. 157, 175, 106 S.Ct. 988, 998, 89 L.Ed.2d 123 (1986), the respondent argued that he received ineffective assistance because his counsel refused to cooperate in presenting perjured testimony. The Nix Court acknowledged that if the respondent presented false testimony, there might have been a reasonable probability that the result of the proceeding would have been different. Nevertheless, the Court held that a different outcome — even one more favorable to the petitioner — was insufficient to establish prejudice because he had received a fair trial.

Case law has established that there are situations, like those in Fretwell and Nix, "in which the overriding focus on fundamental fairness may affect the [prejudice] analysis." Williams v. Taylor, 529 U.S. 362, 363, 120 S. Ct. 1495, 1497, 146 L. Ed. 2d 389 (2000).  The facts of this case present such a situation.  Here, it is undisputed that, despite the errors in the PSR, Petitioner was, in fact, a career offender at the time of his sentencing.  Thus, the ultimate result of his sentencing proceeding was neither unfair nor unreliable.

Additionally, Petitioner has no constitutionally protected right to be sentenced improperly.  "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." Fretwell, 506 U.S. at 372, 113 S.Ct. at 844; see also Nix, 475 U.S. at 186, 106 S. Ct. at 1004; cf. Williams, 529 U.S. at 363, 120 S. Ct. at 1497 (departure from straightforward application of Strickland not justified when counsel's ineffectiveness deprived defendant of a substantive or procedural right to which the law entitled him).

Moreover, as the Court in Strickland noted, a defendant "has no entitlement to the luck of a lawless decisionmaker[.]" Strickland, 488 U.S. at 694, 104 S.Ct. 2068.  The likelihood of a different outcome attributable to the technical reporting error in the PSR should be regarded as a potential "windfall" to

Petitioner rather than the legitimate "prejudice" contemplated in Strickland. See Fretwell, 506 U.S. 364, 113 S.Ct. 838. Therefore, to set aside Petitioner's sentence solely because the outcome would have been different but for counsel's error would grant Petitioner a windfall to which the law does not entitle him. See id. at 369-70, 113 S. Ct. at 842-43; see also Nix, 475 U.S. 157, 106 S.Ct. 988.

Ultimately, the proceeding challenged by Petitioner by way of this Petition was not unreliable or unfair.  He was a career offender and he received an enhanced sentence.  Accordingly, the Court cannot find that he was prejudiced by his counsel's failure to object to the errors in the PSR and he cannot satisfy the second prong of Strickland.  His Petition will be denied.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003) (citation omitted), cited in <u>United States v. Williams</u>, 536 F. App'x 169 (3d Cir. 2013).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  No certificate of appealability shall issue.


## V. CONCLUSION

For the reasons set forth above, the Petition shall be denied.  An appropriate order follows.

<pre>
                                    ___s/ Noel L. Hillman_____
                                    NOEL L. HILLMAN
                                    United States District Judge
Dated: June 24, 2015
At Camden, New Jersey
</pre>